UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

RAYMOND P. DUNN
and LINDA C. DUNN,

       Plaintiffs,

v.

DEUTSCHE NATIONAL TRUST
COMPANY AS TRUSTEE OF
AMERIQUEST MORTGAGE
SECURITIES, INC. and
AMERIQUEST MORTGAGE COMPANY

       Defendants.

CIVIL ACTION NO. 1:08-cv-4-PB

**AMERIQUEST MORTGAGE COMPANY'S
ANSWER AND AFFIRMATIVE DEFENSES**

Defendant Ameriquest Mortgage Company, ("Ameriquest"), by and through its attorneys, Kirkpatrick & Lockhart Preston Gates Ellis LLP, hereby answers the Verified Petition to Enjoin Foreclosure and for Other Relief ("Petition") brought by plaintiffs Raymond P. Dunn and Linda C. Dunn. Ameriquest makes this Answer only on its own behalf. To the extent that any allegation set forth in the Petition is addressed to any other defendant, unidentified party, or non-existent party, Ameriquest is without knowledge or information sufficient to form a belief as to the truth of such allegations except as expressly stated below.

Ameriquest answers plaintiffs' Petition as follows:

1.     Ameriquest states that the documents on file with the Rockingham County Registry of Deeds speak for themselves as to their content, and is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1 of the Petition.

2. Ameriquest admits that Deutsche Bank National Trust Company, as Trustee of Ameriquest Mortgage Securities, Inc. Asset Backed Pass Through Certificates, Series 2005-R2 under the Pooling and Servicing Agreement Dated as of March 1, 2005, Without Recourse, is holder of a mortgage granted by the plaintiffs to Ameriquest, which mortgage is dated February 18, 2005 and recorded in the Rockingham County Registry of Deeds at Book 4444 beginning at Page 0691. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 2 of the Petition.

3. Ameriquest states that plaintiffs' loan documents speak for themselves as to their content, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 3 of the Petition.

4. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4 of the Petition.

5. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5 of the Petition.

6. Ameriquest denies the allegations set forth in Paragraph 6 of the Petition.

7. Ameriquest denies the allegations set forth in Paragraph 7 of the Petition.

8. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8 of the Petition.

9. Ameriquest states that the plaintiffs' loan documents speak for themselves as to their content, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 9 of the Petition.

10. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 of the Petition.

11. Ameriquest states that the Notice attached to the Petition speaks for itself as to its content, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 11 of the Petition.

12. Ameriquest states that the letter attached to the Petition speaks for itself as to its content. To the extent a further response may be required, Ameriquest denies the allegations set forth in Paragraph 12 of the Petition.

13. Paragraph 13 of the Petition states legal conclusions to which no response is required. To the extent a further response may be required, Ameriquest denies the allegations set forth in Paragraph 13 of the Petition.

14. Ameriquest admits the allegations set forth in Paragraph 14 of the Petition.

15. Paragraph 15 of the Petition states legal conclusions to which no response is required. To the extent a further response may be required, Ameriquest denies the allegations set forth in Paragraph 15 of the Petition.

16. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16 of the Petition.

17. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17 of the Petition.

18. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 18 of the Petition.

19. Paragraph 19 of the Petition states legal conclusions to which no response is required. To the extent a further response may be required, Ameriquest denies the allegations set forth in Paragraph 19 of the Petition.

The remainder of the Petition is a prayer for relief to which Ameriquest is not required to respond.  To the extent that a further response may be required, Ameriquest requests that plaintiffs' Petition be dismissed with prejudice, that the Court enter judgment in its favor on all Counts of the Petition, that Ameriquest be awarded its costs and expenses including attorneys' fees, and that the Court award such other relief as the Court deems proper.

## **AFFIRMATIVE DEFENSES**

1. Plaintiffs' purported causes of action fail to state a claim upon which relief may be granted.

2. At all relevant times, defendant, in good faith, maintained and enforced adequate policies and procedures to prevent the alleged harm complained of in plaintiffs' Petition.

3. Plaintiffs' claims are barred in whole or in part because plaintiffs have failed to state their claims with sufficient particularity.

4. Plaintiffs' claims are barred in whole or in part under the doctrine of estoppel, laches and/or waiver.

5. Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

6. Plaintiffs' claims are barred in whole or in part because they have failed to mitigate their damages.

7. Plaintiffs' claims are barred in whole or in part because any acts or failure to act on the part of defendant were excused by the actions of plaintiffs or others.

8. Plaintiffs' claims are barred in whole or in part, on the ground that if plaintiffs were damaged or a statute was violated in any manner whatsoever, such damage or violation, if any, was a direct and proximate result of the intervening and superseding actions on the part of

other parties and/or persons or entities and not defendant, and any such intervening or superseding action of said parties and/or persons or entities bars plaintiffs' recovery.

9. Plaintiffs by their knowledge, statements, and/or conduct, have consented and/or acquiesced to the alleged acts and/or omissions of defendant described in the Petition.

10. Plaintiffs' claims are barred in whole or in part, because defendant has committed no act or omission causing any damage to plaintiffs.

11. Plaintiffs' claims are barred in whole or in part, because plaintiffs expressly, ostensibly, and/or implicitly authorized or ratified the transactions and/or acts and/or omissions at issue.

12. Plaintiffs' claims are barred in whole or in part because plaintiffs would be unjustly enriched if allowed to recover on the Petition.

13. Defendant owed no duty of care to plaintiff.

14. Defendant acted reasonably at all relevant times.

15. Defendant states that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated affirmative defenses. Defendant reserves its right to file an amended Answer asserting additional defenses, and/or to file a counter- or cross-complaint in the event that discovery indicates either is appropriate.

## **PRAYER**

WHEREFORE Ameriquest respectfully requests that plaintiffs' Petition be dismissed with prejudice, that the Court enter judgment in its favor on all counts of the Petition, that Ameriquest be awarded its costs and expenses including attorneys' fees, and that the Court award such other relief as the Court deems proper.

Respectfully Submitted,

AMERIQUEST MORTGAGE COMPANY,

By its attorneys,

/s/  Bradley C. Morin
Phoebe S. Winder (admitted *Pro Hac Vice*)
  phoebe.winder@klgates.com
Bradley C. Morin (Bar No. 17728)
  brad.morin@klgates.com
KIRKPATRICK & LOCKHART
  PRESTON GATES ELLIS LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111
617.261.3100

January 25, 2008

## CERTIFICATE OF SERVICE

I hereby certify that this **Ameriquest Mortgage Company's Answer and Affirmative Defenses** filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to the following counsel of record via U.S. Mail on January 25, 2008:

David C. Engel, Esq.
ENGEL & ASSOCIATES, PLLC
21 Hampton Road
Exeter, NH 03833

William J. Amann, Esq.
ABLITT & CHARLTON PC
92 Montvale Ave. Suite 2950
Stoneham, MA 02180

 /s/  Bradley C. Morin
   Bradley C. Morin