UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| RAYMOND DUNN<br>and LINDA DUNN,<br>    Plaintiffs,<br><br>v.<br><br>DEUTSCHE BANK NATIONAL TRUST<br>COMPANY AS TRUSTEE OF AMERIQUEST<br>MORTGAGE SECURITIES, INC.,<br>and AMERIQUEST MORTGAGE COMPANY,<br>    Defendant | **MOTION**<br><br>**1:08-cv-0004-PB** |

*PARTIALLY ASSENTED-TO MOTION TO AMEND COMPLAINT*

Plaintiffs, by and through their attorneys, Shaines and McEachern, PA, request leave of this Court to bring this Motion to Amend Complaint and Proposed Amended Filing pursuant to L.R. 7.1 (Motions), 15.1 (Motions to Amend) and Federal Rule of Civil Procedure 15(a).

Plaintiffs, Raymond Dunn and Linda Dunn, request permission to amend their original complaint filed on November 26, 2007 in Rockingham County, New Hampshire Superior Court and which was subsequently removed by the defendants to this Court on January 15, 2008.

This amended complaint alleges specific and new factual allegations that clarify the plaintiffs' original state court pleadings and cause of action upon which they seek to exercise their rights to rescind their mortgage and note agreement with the defendants under the Federal Truth in Lending Act, 15 U.S.C. § 1601, et seq.

Plaintiffs also seek temporary and preliminary injunctive relief to stop a foreclosure of their property scheduled anytime after February 5, 2008.

Plaintiffs acknowledge that the defendant Ameriquest Mortgage Company has just recently filed an answer to the original state court charges. Notwithstanding that this motion is after their responsive pleading, the defendants will suffer no prejudice by this Court's acceptance of plaintiffs' Proposed Amended Filing. No other actions have occurred in this matter and allowing the plaintiffs to correctly frame their allegations with particularity as to the federal laws cited by the defendants is both just and fair.

Plaintiffs' counsel has contacted defense counsel, William J. Amann, Bradley C. Morin and Phoebe Sears Winder, for their assent in filing this Motion. At the time of filing the within motion Attorneys Phoebe Sears Winder and Bradley C. Morin, co-counsel for Ameriquest Mortgage, have given their assent; Attorney William J. Amann, counsel for Deutsche Bank National Trust Company, has not responded to our request for his assent to said motion.

Pursuant to L.R. 15.1(b), the entire filing as amended is reproduced herein.

    Respectfully submitted,

    RAYMOND P. DUNN
    and LINDA C. DUNN

    By their attorneys,
    SHAINES & MCEACHERN, P.A.


Dated: February 5, 2008    By: /s/ Robert A. Shaines
    Robert A. Shaines, N.H. Bar #2308
    Robert J. Wolf, N.H. Bar #16512
    PO Box 360
    Portsmouth, NH 03802-0360
    603-436-3110
    rshaines@shaines.com

## *CERTIFICATE OF SERVICE*

  I certify that the foregoing *Partially Assented-To Motion To Amend Complaint* filed through the ECF system will be served on the following persons on this date and in the manner specified herein: Electronically served through ECF to William J. Amann, Bradley C. Morin, and Phoebe Sears Winder; and by first class U.S. mail to David C. Engel, Engel & Associates, 21 Hampton Road, Exeter, NH 03833.

Dated: February 5, 2008      /s/ Robert A. Shaines
               Robert A. Shaines, #2308

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| RAYMOND DUNN ) <br> and LINDA DUNN, ) <br>     Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> DEUTSCHE BANK NATIONAL TRUST ) <br> COMPANY AS TRUSTEE OF AMERIQUEST ) <br> MORTGAGE SECURITIES, INC., ) <br> and AMERIQUEST MORTGAGE COMPANY, ) <br>     Defendant ) <br> ) | **PROPOSED AMENDED FILING** <br><br> **1:08-cv-0004-PB** |

*PROPOSED AMENDED COMPLAINT*

INTRODUCTION

1.  Plaintiffs bring this Proposed Amended Complaint to amend their original state court pleadings previously filed in Rockingham County, New Hampshire Superior Court, 07-E-632, and subsequently removed by the defendants to this Federal Court on January 15, 2008.

2.  Defendants hold the refinance note and mortgage on the plaintiffs property.

3.  Plaintiffs seek to enforce their rights to rescind the refinance note and mortgage for violations of the Federal Truth in Lending Act, 15 U.S.C. §1601 et seq. Plaintiffs also seek temporary and preliminary injunctive relief to stop a likely foreclosure of their property scheduled anytime after February 5, 2008.

JURISDICTION

4.  Jurisdiction to hear the claims exist under the Truth in Lending Act pursuant to 15 U.S.C. §1640(e). Defendants removed this action pursuant to 28 U.S.C. §§1331, 1332, 1441 and

1446 based upon federal question jurisdiction, diversity between litigants, and sufficient amount in controversy of over $75,000.

## PARTIES

5.    Plaintiffs Raymond and Linda Dunn are husband and wife and joint tenants with rights of survivorship of real estate located at 38 Norton Road, Hampton, New Hampshire.

6.    The defendant Ameriquest Mortgage Company ("Ameriquest") is a Delaware corporation whose principal place of business is at 1100 Town and Country Road, Suite 200, Orange, California 92868.

7.    Defendant Deutsche Bank National Trust Company, as Trustee of Ameriquest Mortgage Securities, Inc., Asset Backed Pass-Through Certificates, Series 2004-R5 under the Pooling and Servicing Agreement dated as of March 1, 2005 ("Deutsche Bank"), is assignee of the note and mortgage at issue in this case, with a place of business at 1761 East Street Andrews Place, Santa Ana, California 92705.

## FACTS

8.    Plaintiffs entered into a mortgage agreement with Ameriquest Mortgage Company on or about February 18, 2005 to refinance their principal dwelling at 38 Norton Road, Hampton, New Hampshire.

9.    That at the signing of the mortgage agreement, the defendant's closing agent claimed the defendant's office copy machine was broken and that defendant was unable to provide the plaintiffs with the required copies of closing documents and notices but would be able to get plaintiffs a set of closing papers within a few days. However, defendant failed to provide copies of

the required closing documents including the HUD statement within the few days alleged and failed to provide a Notice of Right to Cancel forms in order to provide notice of the borrower's right to rescind the transaction.

10. The mortgage agreement was prepared by Alison Hanson, Ameriquest Mortgage Company, One New Hampshire Street, Suite 225, Newington, New Hampshire 03801.

11. Plaintiff's borrowed $362,524.00 from defendants with interest to be repaid in regular periodic payments through March 1, 2035; $300,849.15 of the proceeds were used to repay the previous lender, Citizens Bank.

12. Despite Plaintiff's demands, it took 10 months until December 15, 2005 for defendants to provide plaintiffs with some of the required closing documents and disclosure notices that had not been provided at the February 18, 2005 closing. This incomplete disclosure was provided the plaintiffs without a notice of the right to rescission as required by law.

13. At the closing, Ameriquest advised plaintiffs to not read the 18-page mortgage document and simply instructed the plaintiffs as to where to sign on the note and mortgage.

14. Without a copy of the HUD closing statement, the plaintiffs remained unaware of specific fees assessed against them and plaintiffs would not have agreed to the defendant's offer and would not have closed on the defendant's financing.

15. That at the time of the signing of the mortgage with Ameriquest on February 18, 2005, Ameriquest never informed the plaintiffs that the mortgage was a variable interest rate mortgage. The interest rate calculations were only specified on an Adjustable Rate Rider of which a copy was never provided to the plaintiffs as required. The initial interest rate was to be 9.950%

with a provision for increases every six months based on an index rate. The interest was subsequently increased without adequate notice.

16. The plaintiffs have paid the defendants a total of approximately $92,260.00 in interest and principal during the course of this mortgage.

17. Plaintiffs attempted to work out a satisfactory arrangement with Ameriquest to resolve the misunderstanding regarding the variable interest rates and force a return of the required closing documents, but defendants refused. Plaintiffs subsequently stopped additional payments in June, 2007 in an effort to fix the interest rate of the mortgage and motivate a return of the closing documents, both without success. Instead, Ameriquest advised plaintiffs to either file bankruptcy, pay off the defendant's loan or sell the house.

18. On or about March 1, 2005, Ameriquest assigned the note and mortgage to Deutsche Bank.

19. On August 2, 2007, plaintiffs received a Notice of Intention to Foreclose from AMC Mortgage Services.

20. On November 5, 2007, plaintiffs received a Notice of Mortgage Foreclosure Sale from Deutsche Bank National Trust Company for a public auction scheduled for December 6, 2007.

21. On November 28, 2007, plaintiffs filed a Petition to Enjoin Foreclosure and motion for a hearing before the Rockingham County, New Hampshire Superior Court. On December 5, 2007, plaintiffs were heard and granted an injunction against the scheduled Deutsche Bank foreclosure sale and enjoined any foreclosure sale prior to February 6, 2008.

22. Because no repayment arrangements have been successfully made, foreclosure after February 6, 2008 remains a probability. Plaintiffs therefore seek specific relief under the Truth in Lending Act.

## COUNT 1 - RESCISSION UNDER TRUTH IN LENDING ACT

23. Plaintiff's allegations of paragraphs 1 through 22 are incorporated by reference.

24. At all times relevant to these proceedings, Ameriquest was a creditor as defined under 15 U.S.C. §1602(f) and regularly extended credit payable by agreement in more than four installments or for which the payment of a finance charge is or may be required and is the person to who the debt arising from this consumer credit transaction was initially payable.

25. The loan transaction at issue in this case is a consumer credit transaction because the credit is extended to a natural person and the money, property, or services which are the subject of the transaction are primarily for personal, family or household purposes.

26. This was a mortgage secured by the plaintiff's principal dwelling not entered into for purposes of the initial acquisition or construction as defined by 15 U.S.C. §1602(aa) and therefore subject to the right to cancel provided by the Truth in Lending Act, 15 U.S.C. §1635 and the implementing Federal Reserve Board Regulation "Z", 12 C.F.R. §226.23.

27. Defendant Ameriquest Mortgage Company as the lender failed to provide a "meaningful disclosure of credit terms" required under the Truth in Lending Act 15 U.S.C. §1601(a). Defendant extended plaintiff credit as defined pursuant to 15 U.S.C. §1602(e). Defendant failed to provide "material disclosures" as required pursuant to 15 U.S.C. §§1602(u) and 1639(a) and failed to make specific disclosures to the plaintiff as required pursuant to 15 U.S.C. §1639.

28.     Material disclosure violations have resulted in defendant's failure to accurately provide the required disclosure of the finance charge which entitles the plaintiffs to an extended right of rescission of up to three years from the date they received accurate disclosures pursuant to 5 U.S.C. §1635.  Based upon incomplete disclosures, plaintiffs allege that fees of at least $8,949.06 did not include fees that should have been included in the "finance charge" and these errors produced a material misstatement of the amount of finance charge in the required disclosures.

29.     These additional incorrect charges included a "lender's processing fee" of $626 and an "admin to Ameriquest Mortgage" payment of $239.  These fees are not reasonable or bona fide and should have been included in the "finance charge."

30.     Based on the incomplete disclosure provided to the plaintiffs by the defendants on December 15, 2007, legal title fees and examination charges of $2,425.25 were included in the amount financed but should have been included in the "finance charge."  These charges are not reasonable and bona fide because they are grossly in excess of the amount charged by other New Hampshire law firms for comparable services.

31.     On January 28, 2008, the plaintiffs exercised their right to rescind by notifying their lender and the lender's representatives that they were rescinding the transaction.

32.     The plaintiffs seek an Order of this Court enforcing their rights to rescind the transaction in dispute and preliminarily and permanently enjoin the defendants from foreclosing on their property until this matter has been resolved.

PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs demand judgment against defendants as follows:

 A. Rescission of their 2005 Ameriquest note and mortgage pursuant to 5 U.S.C. § 1635;

 B. Statutory damages for the disclosure violations pursuant to 15 U.S.C. § 1640;

 C. Attorneys fees, litigation expenses and costs pursuant to 15 U.S.C. § 1640 and pursuant to NH R.S.A. 361-C:2;

 D. Grant such other and further relief as is just.

        Respectfully submitted,

        RAYMOND P. DUNN
        and LINDA C. DUNN

        By their attorneys,
        SHAINES & MCEACHERN, P.A.

Dated: February 5, 2008   By: /s/ Robert A. Shaines
        Robert A. Shaines, N.H. Bar #2308
        Robert J. Wolf, N.H. Bar #16512
        PO Box 360
        Portsmouth, NH 03802-0360
        603-436-3110
        rshaines@shaines.com

*CERTIFICATE OF SERVICE*

I certify that the foregoing *Proposed Amended Complaint* filed through the ECF system will be served on the following persons on this date and in the manner specified herein: Electronically served through ECF to William J. Amann, Bradley C. Morin, and Phoebe Sears Winder; and by first class U.S. mail to David C. Engel, Engel & Associates, 21 Hampton Road, Exeter, NH 03833.

Dated: February 5, 2008   /s/ Robert A. Shaines
        Robert A. Shaines, #2308