UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| RAYMOND P. DUNN<br>and LINDA C. DUNN,<br><br>    Plaintiffs,<br><br>v.<br><br>DEUTSCHE NATIONAL TRUST<br>COMPANY AS TRUSTEE OF<br>AMERIQUEST MORTGAGE<br>SECURITIES, INC. and<br>AMERIQUEST MORTGAGE COMPANY<br><br>    Defendants. | CIVIL ACTION NO. 1:08-cv-4-PB |

**AMERIQUEST MORTGAGE COMPANY'S ASSENTED-TO
MOTION TO STAY ACTION PENDING TRANSFER DECISION
BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

Defendant Ameriquest Mortgage Company, ("Ameriquest"), by and through its attorneys, Kirkpatrick & Lockhart Preston Gates Ellis LLP, respectfully moves this Court for an order staying the case pending a transfer decision by the Judicial Panel on Multidistrict Litigation ("MDL Panel"). In support of this Motion, Ameriquest states as follows:

**PROCEDURAL BACKGROUND**

1. On or about November 27, 2007, plaintiffs Raymond P. Dunn and Linda C. Dunn (collectively "plaintiffs") filed a Verified Petition to Enjoin Foreclosure and for Other Relief in the Superior Court for Rockingham County, New Hampshire.

2. On or about January 2, 2008, defendant Ameriquest Mortgage Company filed a Notice of Removal to this Court. See Docket No. 1.

3.  Ameriquest filed its Answer and Affirmative Defenses to the plaintiffs' Complaint on January 25, 2007.  See Docket No. 7.

4.  On or about February 5, 2008, the plaintiffs, with the assent of Ameriquest, filed a Motion to Amend Complaint, the stated purpose of which was to "clarify the plaintiffs' original state court pleadings and cause of action upon which they seek to exercise their rights to rescind their mortgage and note agreement with the defendants under the Federal Truth in Lending Act, 15 U.S.C. § 1601, et seq."[1]  See Docket No. 10.

## THE AMERIQUEST MDL

5.  On December 14, 2005, the MDL Panel transferred five (5) cases to the Northern District of Illinois for consolidated pre-trial proceedings in In re Ameriquest Mortgage Co. Mortgage Lending Practices Litigation, MDL 1715 (N.D. Ill) ("Ameriquest MDL").  A copy of the decision of the MDL Panel is attached as Exhibit A.  The five original actions alleged claims concerning the lending practices of Ameriquest, among others, (collectively "Ameriquest"), including claims concerning the soliciting and closing of residential mortgage loan transactions.  The MDL Panel determined that "[c]entralization under § 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings … and conserve the resources of the parties, their counsel and the judiciary."  See Exhibit A.  To date, approximately 440 cases have been transferred to the Ameriquest MDL.

6.  Ameriquest has requested that the MDL Panel transfer and consolidate this action as a "Tag Along" Action in the Ameriquest MDL pursuant to Rules 7.4 and 7.5 of the Rules of Procedure of the MDL Panel, 199 F.R.D. 425 (2001).

---

[1] The Motion also states that "Plaintiffs also seek temporary and preliminary injunctive relief to stop a foreclosure of their property scheduled anytime after February 5, 2008."

7. In light of this action, Ameriquest believes that the appropriate course of action is to request that the Court stay this matter pending the MDL Panel's decision whether to transfer this action to the Northern District of Illinois as a "Tag Along" Action to the Ameriquest MDL. Ameriquest further requests that any stay should include, but not be limited to, a stay of any obligation of Ameriquest to respond to plaintiffs' discovery requests.

8. Ameriquest believes that this request, if granted, will conserve the time and resources of the parties and the Court.

9. This Motion has the assent of counsel for Plaintiffs Raymond C. Dunn and Linda C. Dunn and counsel for Defendant Deutsche Bank National Trust Company, as Trustee of Ameriquest Mortgage Securities, Inc. Asset Backed Pass Through Certificates, Series 2005-R2 under the Pooling and Servicing Agreement Dated as of March 1, 2005, Without Recourse ("Deutsche Bank, as Trustee").

10. Due to the nature of the relief requested, no memorandum of law is required. L.R. 7.1(a)(2).

WHEREFORE, defendant Ameriquest Mortgage Company requests that the Court: (1) stay this action pending the MDL Panel's decision whether to transfer this case as a Tag Along Action to the Ameriquest MDL; and (2) order such other relief as the Court deems just and necessary.

        Respectfully Submitted,

        AMERIQUEST MORTGAGE COMPANY,

        By its attorneys,

        /s/  Bradley C. Morin
        Phoebe S. Winder (admitted *Pro Hac Vice*)
          phoebe.winder@klgates.com
        Bradley C. Morin (Bar No. 17728)
          brad.morin@klgates.com
        KIRKPATRICK & LOCKHART
          PRESTON GATES ELLIS LLP
        State Street Financial Center
        One Lincoln Street
        Boston, MA 02111
        617.261.3100

February 22, 2008

## CERTIFICATE OF SERVICE

I hereby certify that this **Ameriquest Mortgage Company's Assented-To Motion to Stay Action Pending Transfer Decision By The Judicial Panel on Multidistrict Litigation** filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to the following counsel of record via U.S. Mail on February 22, 2008:

| | |
|---|---|
| Robert A. Shaines, Esq. | William J. Amann, Esq. |
| Robert J. Wolf, Esq. | ABLITT & CHARLTON PC |
| SHAINES & MCEACHERN, PA | 92 Montvale Ave. Suite 2950 |
| 282 Corporate Drive, PO Box 360 | Stoneham, MA 02180 |
| Portsmouth, NH 03802-0360 | |

        /s/  Bradley C. Morin
        Bradley C. Morin

## LOCAL RULE 7.1(C) CERTIFICATION

I hereby certify that on February 21 and 22, 2008, I conferred with counsel for the Defendant Deutsche Bank, as Trustee, and counsel for the Plaintiffs, respectively, and obtained their concurrence in the relief sought.

        /s/ Bradley C. Morin
        Bradley C. Morin

# Exhibit A

Case 1:08-cv-03961    Document 12-2    Filed 02/22/2008    Page 1 of 4

A CERTIFIED TRUE COPY

DEC 13 2005

ATTEST *Janisha Spencer*

FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FILED
DEC 14 2005
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

RELEASED FOR PUBLICATION

DOCKET NO. 1715

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DEC 13 2005

FILED
CLERK'S OFFICE

*BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

*IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION*

05cv7097

*BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL*

*TRANSFER ORDER*

This litigation currently consists of one action each in the Central District of California, Northern District of California, Middle District of Florida, District of Massachusetts and Southern District of New York as listed on the attached Schedule A.[1] Before the Panel is a motion, pursuant to 28 U.S.C. § 1407, brought by plaintiffs in the Southern District of New York action for coordinated or consolidated pretrial proceedings of these actions in the Central District of California. No plaintiff opposes the motion. Plaintiff in the Central District of California action initially opposed, but now supports, the motion for transfer to that district, along with plaintiffs in a potential tag-along action pending there.[2] Plaintiffs in the Northern District of California action support the motion; if the Panel does not order centralization in the Central District of California, these plaintiffs support transfer to any centrally located district with the resources to handle this litigation. Defendants Ameriquest Mortgage Co., Ameriquest Capital Corp. and Argent Mortgage Co. (collectively Ameriquest) oppose the motion.

On the basis of the papers filed and hearing session held, the Panel finds that these five actions involve common questions of fact, and that centralization under Section 1407 in the Northern District of Illinois will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All five actions before the Panel concern allegedly predatory lending practices by Ameriquest Mortgage Co., or a related entity, in soliciting and closing residential mortgage

---

[1] Four additional actions are pending two apiece in the Central District of California and Northern District of Illinois, and one related action each is in the Middle District of Florida and District of Minnesota. These actions and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

[2] Plaintiffs in one Northern District of Illinois related action initially opposed the motion as well, but withdrew their response because moving plaintiffs submitted a pleading expressly stating that they do not seek transfer of that action.


- 2 -

transactions; among other things, plaintiffs allege that Ameriquest failed to disclose material terms and engaged in so-called bait-and-switch tactics. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery; prevent inconsistent pretrial rulings, including those with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary.

Ameriquest opposes the motion, in part, because plaintiffs seek redress under different legal theories and purport to represent varying putative classes. We find these contentions unpersuasive. Transfer under Section 1407 does not require a complete identity, or even majority, of common factual issues as a prerequisite to transfer and has the salutary effect of placing all actions in this docket before a single judge who can formulate a pretrial program that allows discovery with respect to any individual issues to proceed concurrently with discovery on common issues. *See, e.g., In re Insurance Brokerage Antitrust Litigation,* 360 F.Supp. 2d 1371 (J.P.M.L. 2005). Indeed, the transferee court can employ any number of pretrial techniques, such as establishing separate discovery and/or motion tracks, to manage this litigation efficiently and to ensure that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions.

As suggested by the moving plaintiffs, the Panel initially considered transferring this litigation to the Central District of California; however, the judge assigned to the constituent action pending in that district expressed reluctance in light of her current caseload. The Panel has thus determined that the Northern District of Illinois is an appropriate transferee district for this litigation. Two actions involving the lending practices of Ameriquest are pending in this district. Also, this geographically central district will be a convenient location for a litigation already nationwide in scope.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A are transferred to the Northern District of Illinois and, with the consent of that court, assigned to the Honorable Marvin E. Aspen for coordinated or consolidated pretrial proceedings in that district.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

# SCHEDULE A

MDL-1715 -- In re Ameriquest Mortgage Co. Mortgage Lending Practices Litigation

    Central District of California

*Adolph Peter Kurt Burggraff v. Ameriquest Capital Corp., et al.*, C.A. No. 2:04-9715

    Northern District of California

*Nona Knox, et al. v. Ameriquest Mortgage Co., et al.*, C.A. No. 3:05-240

    Middle District of Florida

*Latonya Williams, et al. v. Ameriquest Mortgage Co.*, C.A. No. 8:05-1036

    District of Massachusetts

*Isabelle M. Murphy, et al. v. Ameriquest Mortgage Co.*, C.A. No. 1:04-12651

    Southern District of New York

*Cheryl Williams, et al. v. Ameriquest Mortgage Co.*, C.A. No. 1:05-6189