UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

RAYMOND P. DUNN
and LINDA C. DUNN,

       Plaintiffs,

v.

DEUTSCHE NATIONAL TRUST
COMPANY AS TRUSTEE OF
AMERIQUEST MORTGAGE
SECURITIES, INC. and
AMERIQUEST MORTGAGE COMPANY

       Defendants.

CIVIL ACTION NO. 1:08-cv-00004-PB

**AMERIQUEST MORTGAGE COMPANY'S
ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT**

Defendant Ameriquest Mortgage Company ("Ameriquest"), by and through its attorneys, Kirkpatrick & Lockhart Preston Gates Ellis LLP, hereby answers the Amended Complaint ("Complaint") brought by plaintiffs Raymond P. Dunn and Linda C. Dunn. Ameriquest makes this Answer only on its own behalf. To the extent that any allegation set forth in the Complaint is addressed to any other defendant, unidentified party, or non-existent party, Ameriquest is without knowledge or information sufficient to form a belief as to the truth of such allegations except as expressly stated below.

Ameriquest answers plaintiffs' Complaint as follows:

1.    The allegations set forth in Paragraph 1 of the Complaint consist of plaintiffs' characterization of their pleading, to which no response is required. Ameriquest admits that plaintiffs originally filed an action in the Superior Court of Rockingham County, New Hampshire, No. 07-E-632, and that Ameriquest – with the consent of Deutsche Bank National

Trust Company, as Trustee of the Ameriquest Mortgage Securities, Inc., Asset Backed Pass-Through Certificates, Series 2005-R2 under the Pooling and Servicing Agreement dated as of March 1, 2005 ("Deutsche Bank, as Trustee") – removed the case to this Court on January 2, 2008.

2. Ameriquest denies the allegations set forth in Paragraph 2 of the Complaint.

3. The allegations set forth in Paragraph 3 of the Complaint consist of plaintiffs' characterization of their case, and contain legal conclusions to which no response is required. To the extent a further response may be required, Ameriquest denies the allegations set forth in Paragraph 3 of the Complaint.

4. As to the first sentence of Paragraph 4 of the Complaint, Ameriquest admits the allegations set forth therein. As to the second sentence of Paragraph 4 of the Complaint, Ameriquest admits that it removed this action – with the consent of Deutsche Bank, as Trustee – pursuant to 28 U.S.C. §§ 1331, 1332, 1441 and 1446.

5. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5 of the Complaint.

6. Ameriquest states that it is a Delaware corporation with a principal place of business at 1100 Town and Country Road, Suite 1200, Orange, California 92868. Ameriquest denies all other allegations set forth in Paragraph 6 of the Complaint.

7. Ameriquest states that Deutsche Bank, as Trustee, is the assignee of plaintiffs' note and mortgage in its role as trustee of the Ameriquest Mortgage Securities, Inc., Asset Backed Pass-Through Certificates, Series 2005-R2 under the Pooling and Servicing Agreement dated as of March 1, 2005 and that, upon information and belief, Deutsche Bank, as Trustee, is a national banking association with a main office at 300 South Grand Avenue, 41st floor, Los

Angeles, 90071-3109.  Ameriquest denies the remaining allegations set forth in Paragraph 7 of the Complaint.

8. Ameriquest admits that it entered into a mortgage loan transaction with plaintiffs on or about February 25, 2005, and that the loan was secured by property located at 38 Norton Road, Hampton, New Hampshire.  Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 8 of the Complaint.

9. As to the allegations set forth in Paragraph 9 of the Complaint, Ameriquest states that plaintiffs' loan documents speak for themselves and denies the allegations set forth therein.

10. As to the allegations set forth in Paragraph 10 of the Complaint, Ameriquest states that plaintiffs' loan documents speak for themselves.

11. As to the allegations set forth in Paragraph 11 of the Complaint, Ameriquest states that plaintiffs' loan documents speak for themselves.

12. As to the allegations set forth in Paragraph 12 of the Complaint, Ameriquest states that plaintiffs' loan documents speak for themselves and denies the allegations set forth therein.

13. Ameriquest denies the allegations set forth in Paragraph 13 of the Complaint.

14. Ameriquest denies the allegations set forth in Paragraph 14 of the Complaint.

15. As to the first sentence of Paragraph 15 of the Complaint, Ameriquest denies the allegations set forth therein.  As to the second sentence of Paragraph 15 of the Complaint, Ameriquest states that plaintiffs' loan documents speak for themselves and denies the allegations set forth therein.  As to the third sentence of the Complaint, Ameriquest states that plaintiffs' loan documents speak for themselves.  As to the fourth sentence of Paragraph 15 of the Complaint, Ameriquest denies the allegations set forth therein.

16. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16 of the Complaint.

17. Ameriquest states that plaintiffs stopped making payments on their loan in August of 2007. Ameriquest denies the remaining allegations set forth in Paragraph 17 of the Complaint.

18. Ameriquest admits that it assigned plaintiffs' loan and mortgage to Deutsche Bank, as Trustee, on or about March 1, 2005.

19. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19 of the Complaint.

20. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 20 of the Complaint.

21. Ameriquest admits the allegations set forth in the first sentence of Paragraph 21 of the Complaint. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the second sentence of paragraph 21 of the Complaint.

22. As to the first sentence of Paragraph 22 of the Complaint, the allegations set forth therein consist of legal conclusions to which no response is required. Further answering, Ameriquest states that a foreclosure sale is not currently scheduled. As to the second sentence of Paragraph 22 of the Complaint, the allegations set forth therein consist of plaintiffs' characterization of their case, to which no response is required. Ameriquest denies that plaintiffs are entitled to the relief they seek.

23. Ameriquest incorporates by reference, as if fully set forth herein, Paragraphs 1 through 22 of this Answer.

24. The allegations set forth in Paragraph 24 of the Complaint consist of legal conclusions to which no response is required.

25. The allegations set forth in Paragraph 25 of the Complaint consist of legal conclusions to which no response is required.

26. The allegations set forth in Paragraph 26 of the Complaint consist of legal conclusions to which no response is required.

27. As to the first and third sentences of Paragraph 27 of the Complaint, Ameriquest denies the allegations set forth therein. As to the second sentence of Paragraph 27 of the Complaint, the allegations set forth therein consist of legal conclusions to which no response is required.

28. As to the allegations set forth in Paragraph 28 of the Complaint, Ameriquest denies the allegations set forth therein.

29. As to the allegations set forth in Paragraph 29 of the Complaint, Ameriquest denies the allegations set forth therein.

30. As to the allegations set forth in Paragraph 30 of the Complaint, Ameriquest denies the allegations set forth therein.

31. Ameriquest admits that through a letter dated January 28, 2008, plaintiffs gave notice of their desire to rescind their Ameriquest loan. Ameriquest denies the remaining allegations set forth in Paragraph 31 of the Complaint.

32. The allegations set forth in Paragraph 32 of the Complaint consist of plaintiffs' characterization of their case, to which no response is required. Ameriquest denies that plaintiffs are entitled to the relief they seek.

**PRAYER FOR RELIEF**

Ameriquest denies that plaintiffs are entitled to the requested relief.

**AFFIRMATIVE DEFENSES**

1. Plaintiffs' purported causes of action fail to state a claim upon which relief may be granted.

2. At all relevant times, defendant, in good faith, maintained and enforced adequate policies and procedures to prevent the alleged harm complained of in plaintiffs' Complaint.

3. Plaintiffs' claims are barred in whole or in part because plaintiffs have failed to state their claims with sufficient particularity.

4. Plaintiffs' claims are barred in whole or in part under the doctrine of estoppel, laches and/or waiver.

5. Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

6. Plaintiffs' claims are barred in whole or in part because they have failed to mitigate their damages.

7. Plaintiffs' claims are barred in whole or in part because any acts or failure to act on the part of defendant were excused by the actions of plaintiffs or others.

8. Plaintiffs' claims are barred in whole or in part, on the ground that if plaintiffs were damaged or a statute was violated in any manner whatsoever, such damage or violation, if any, was a direct and proximate result of the intervening and superseding actions on the part of other parties and/or persons or entities and not defendant, and any such intervening or superseding action of said parties and/or persons or entities bars plaintiffs' recovery.

9. Plaintiffs by their knowledge, statements, and/or conduct, have consented and/or acquiesced to the alleged acts and/or omissions of defendant described in the Complaint.

10. Plaintiffs' claims are barred in whole or in part, because defendant has committed no act or omission causing any damage to plaintiffs.

11. Plaintiffs' claims are barred in whole or in part, because plaintiffs expressly, ostensibly, and/or implicitly authorized or ratified the transactions and/or acts and/or omissions at issue.

12. Plaintiffs' claims are barred in whole or in part because plaintiffs would be unjustly enriched if allowed to recover on the Complaint.

13. Plaintiffs' claims are barred by the applicable statute of limitations.

14. Defendant owed no duty of care to plaintiff.

15. Defendant acted reasonably at all relevant times.

16. Defendant states that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated affirmative defenses. Defendant reserves its right to file an amended Answer asserting additional defenses, and/or to file a counter- or cross-complaint in the event that discovery indicates either is appropriate.

## **PRAYER**

WHEREFORE Ameriquest respectfully requests that plaintiffs' Complaint be dismissed with prejudice, that the Court enter judgment in its favor on all counts of the Complaint, that Ameriquest be awarded its costs and expenses including attorneys' fees, and that the Court award such other relief as the Court deems proper.

        Respectfully Submitted,

        AMERIQUEST MORTGAGE COMPANY,

        By its attorneys,

        /s/ *David D. Christensen*
        Phoebe S. Winder (admitted *Pro Hac Vice*)
          phoebe.winder@klgates.com
        David. D. Christensen (NH Bar. No. 17668)
          david.christensen@klgates.com
        KIRKPATRICK & LOCKHART
          PRESTON GATES ELLIS LLP
        State Street Financial Center
        One Lincoln Street
        Boston, MA 02111
        617.261.3100

June 4, 2008

## CERTIFICATE OF SERVICE

    I hereby certify that this **Ameriquest Mortgage Company's Answer and Affirmative Defenses to Amended Complaint** filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on June 4, 2008:

Robert A. Shaines, Esq.
Robert J. Wolf, Esq.
SHAINES & MCEACHERN, PA
282 Corporate Drive, PO Box 360
Portsmouth, NH 03802-0360

        /s/ *David D. Christensen*
          David D. Christensen